

1 | **PRUETZ LAW GROUP LLP**
2 | Adrian M. Pruetz (Bar No. 118215)
  | ampruetz@pruetzlaw.com
3 | Erica J. Pruetz (Bar No. 227712)
4 | ejpruetz@pruetzlaw.com
  | 200 N. Sepulveda Blvd., Suite 1525
5 | El Segundo, CA 90245
  | Phone: 310.765.7650
6 | Fax:   310.765.7641
7 |
8 | **LEE TRAN & LIANG APLC**
  | Enoch H. Liang (Bar No. 212324)
9 | ehl@ltlcounsel.com
  | Steven R. Hansen (Bar No. 198401)
10 | srh@ltlcounsel.com
11 | 601 S. Figueroa Street, Suite 4025
  | Los Angeles, CA 90017
12 | Phone: 213.612.3737
13 | Fax:   213.612.3773
14 |
  | *Attorneys for Plaintiff*
15 | Netlist, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NETLIST, INC., A Delaware Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>INPHI CORPORATION, A Delaware Corporation,<br><br>            Defendant. | CASE NO. CV 09-6900 DSF (RNBx)<br><br>**PLAINTIFF NETLIST, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

FIRST AMENDED COMPLAINT

Plaintiff Netlist, Inc. ("Netlist" or "Plaintiff") as and for its First Amended Complaint against Defendant Inphi Corporation ("Inphi" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. § 271.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because the defendant has a regular and established place of business in this District and the acts of infringement occurred in this District and elsewhere.

## PARTIES

4. Netlist is a corporation organized and existing under the laws of the state of Delaware, authorized to do business in the state of California, with its principal place of business at 51 Discovery in Irvine, California 92618.

5. Inphi Corporation is a corporation organized and existing under the laws of the state of Delaware, authorized to do business in the state of California, with its principal place of business at 2393 Townsgate, Suite 101, in Westlake Village, California 91361.

## FACTS RELEVANT TO ALL CLAIMS

6. Netlist provides computer memory modules and technology to major computer manufacturers and users. Netlist pioneered ideas such as embedding passives into printed circuit boards to free up board real estate, doubling densities via 4-rank double data rate (DDR) technology, and other off-chip technology advances that result in improved performance and lower costs compared to conventional memory.

7. Prior to 2004, Netlist invested significant research and development time and money in technology that would make computer memory modules less expensive and more energy-efficient. In 2005 and 2006, realizing that it had made significant advances on both fronts, Netlist filed applications that led to the issuance of United States Patent No. 7,532,537 (the "'537 Patent"), entitled Memory Module with a Circuit Providing Load Isolation and Memory Domain Translation, on May 12, 2009; United States Patent No. 7,619,912 (the "'912 Patent"), entitled Memory Module Decoder, on November 17, 2009; and United States Patent No. 7,636,274, (the "'274 Patent"), entitled "Memory Module with a Circuit Providing Load Isolation and Memory Domain Translation," on December 22, 2009. Netlist is the owner of the entire right, title, and interest in and to the '537 Patent, the '912 Patent, and the '274 Patent. True and correct copies of the '537 Patent, '912 Patent, and '274 Patent are attached hereto as Exhibits 1, 2 and 3, respectively.

8. On information and belief, Inphi manufactures, sells and offers for sale components used in computer memory modules that incorporate the Netlist technology claimed in the '537 Patent, '912 Patent, and '274 Patent. Inphi's infringing products include but are not limited to Inphi's Isolation Memory Buffer or "iMB".

## FIRST CAUSE OF ACTION

**(Patent Infringement of the '537 Patent under 35 U.S.C. § 271)**

9. Plaintiff realleges the allegations of Paragraphs 1 through 8 as though fully set forth herein.

10. On information and belief, Inphi has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '537 Patent. Inphi's infringing activities in the United States and

-2-

this District include the development, manufacture, use, importation, sale, and/or offer for sale of components which act as memory module decoders and load isolation devices, and contributing to the incorporation of and inducing others to incorporate such components into memory modules. Such components have no substantial non-infringing use. Inphi's infringing activities violate 35 U.S.C. § 271.

11. On information and belief, Inphi's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Netlist.

12. On information and belief, Inphi's infringement in violation of the patent laws will continue to injure Netlist unless otherwise enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Patent Infringement of the '912 Patent under 35 U.S.C. § 271)

13. Plaintiff realleges the allegations of Paragraphs 1 through 12 as though fully set forth herein.

14. On information and belief, Inphi has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '912 Patent. Inphi's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of components which act as memory module decoders, and contributing to the incorporation of and inducing others to incorporate such components into memory modules. Such components have no substantial non-infringing use. Inphi's infringing activities violate 35 U.S.C. § 271.

15. On information and belief, Inphi's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Netlist.

16. On information and belief, Inphi's infringement in violation of the patent laws will continue to injure Netlist unless otherwise enjoined by this Court.

## THIRD CAUSE OF ACTION

### (Patent Infringement of the '274 Patent under 35 U.S.C. § 271)

17. Plaintiff realleges the allegations of Paragraphs 1 through 16 as though fully set forth herein.

18. On information and belief, Inphi has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '274 Patent. Inphi's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of components which act as memory module decoders and load isolation devices, and contributing to the incorporation of and inducing others to incorporate such components into memory modules. Such products have no substantial non-infringing use. Inphi's infringing activities violate 35 U.S.C. § 271.

19. On information and belief, Inphi's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Netlist.

20. On information and belief, Inphi's infringement in violation of the patent laws will continue to injure Netlist unless otherwise enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Netlist prays for the following relief:

1. That the Court render judgment declaring that Inphi has infringed, induced the infringement of, and contributorily infringed the '537 Patent, the '912 Patent, and the '274 Patent in violation of 35 U.S.C. § 271;

2. That the Court render judgment declaring that Inphi's infringement of the '537 patent, the '912 Patent, and the '274 Patent is willful and deliberate;

3. That Netlist be awarded damages adequate to compensate Netlist for Inphi's infringement of the '537 Patent, the '912 Patent, and the '274 Patent;

-4-

4. That the Court preliminarily and permanently enjoin Inphi, its successors, assigns, subsidiaries and transferees, officers, directors, agents and employees as follows:

a. from selling or offering for sale any product falling within the scope of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent;

b. from importing any product into the United States which falls within the scope of the '537 Patent, the '912 Patent, and/or the '274 Patent;

c. from manufacturing any product falling within the scope of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent;

d. from using any product or method falling within the scope of any of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent;

e. from inducing others to infringe any of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent;

f. from engaging in acts constituting contributory infringement of any of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent; and

g. from all other acts of infringement of any of the claims of the '537 Patent, the '912 Patent, and/or the '274 Patent;

5. that the Court award treble damages to Netlist for the unlawful practices described in this Complaint;

6. that the Court enter judgment against Inphi for the maximum penalties determined by the Court to be just and proper;

7. that the Court render judgment declaring this to be an exceptional case;

8. that Netlist be awarded its costs of suit, including reasonable attorneys' fees; and

9. that Netlist be awarded such other and further relief as the Court deems just and proper.

DATED: December 23, 2009          PRUETZ LAW GROUP LLP

By: /s/ Adrian M. Pruetz
Adrian M. Pruetz
Attorneys for Plaintiff
Netlist, Inc.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues and claims so triable.

DATED: December 23, 2009     **PRUETZ LAW GROUP LLP**

By: *[signature]*
Adrian M. Pruetz
Attorneys for Plaintiff
Netlist, Inc.

FIRST AMENDED COMPLAINT