UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| | | | |
|---|---|---|---|
| Case No. | CV 09-6900 DSF (RNBx) | Date | 1/10/11 |
| Title | Netlist, Inc. v. Inphi Corp. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| | |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Disqualify DLA Piper LLP Due to Conflict of Interest (Docket No. 42)

DLA Piper LLP appeared on behalf of Plaintiff Netlist, Inc. on November 1, 2010. Defendant Inphi Corporation has moved to disqualify DLA Piper from the case due to DLA Piper's current representation of Inphi for certain international tax matters.

While DLA Piper repeatedly refers to the "alleged conflict" in its opposition, nowhere does it actually contest that a current conflict exists. Instead, its opposition rests on an alleged advance waiver of any conflict by Inphi. There is no question that Inphi agreed to a waiver of certain conflicts in a February 2, 2010 "Engagement and Conflict Waiver Letter for International Tax Matters." (Edmunds Decl., Ex. A.) The waiver is vague and does not clearly define what types of conflicts are being waived. However, the waiver does discuss several types of matters where DLA Piper may represent interests adverse to Inphi – "corporate matters . . . including mergers and acquisitions, takeovers, and other change-in-control issues and transactions," "commercial transactions . . . including preparation and negotiation of agreements, licenses, leases, loans, securities offerings, or underwritings," and "legislative or policy matters, or in administrative proceedings." (Id. at 7.) Notably absent is any reference to litigation except for a final sentence that states: "We do not view this advance waiver and consent regarding unrelated matters to permit us to institute litigation against Inphi nor to permit unauthorized disclosure or use of any of Inphi's confidential or privileged documents or information which Inphi has provided to us as Inphi's lawyers." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

The Court finds that this waiver is not sufficient to allow DLA Piper to represent Netlist in this litigation. DLA Piper claims that the inclusion of "administrative proceedings" should have indicated to Inphi that it was waiving litigation conflicts. Administrative proceedings are not the same as litigation. While some administrative matters may be adversarial between two private parties, most "administrative proceedings" are either non-adversarial or adversarial between a private party and a governmental agency.

Equally spurious is DLA Piper's focus on the word "institute." It claims that literal "instituting" of a lawsuit – that is, DLA Piper is present at the start of the lawsuit – is the only thing not waived. First, there is nothing in the waiver to suggest that the only thing excluded is "instituting" a lawsuit. The sentence explaining that DLA Piper will not institute litigation against Inphi is obviously an example of what the waiver does not cover and would not imply to a reasonable client that every other kind of adverse representation is covered by the waiver. Further, DLA Piper's focus on an overly technical reading of the word "institute" is misplaced, to put it kindly. The point is whether Inphi gave knowing, informed consent to the adverse representation. The explicit statement that DLA Piper will not "institute" litigation against Inphi implies to any reasonable client that DLA Piper will not represent a party suing Inphi, whether or not DLA Piper happened to be counsel at the beginning of the litigation.[1]

The alleged conflict waiver does not cover DLA Piper's representation of Netlist in this action. The motion to disqualify is GRANTED.

IT IS SO ORDERED.

[1] DLA Piper also mentions "ethical walls" established within the firm to prevent Inphi information from reaching attorneys working for Netlist, (Opp'n at 6-7, 12-13), but there is no argument that these "walls" are sufficient to overcome the failure to acquire a valid conflict waiver from Inphi.